UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR AGUILUZ-PINEDA,<br><br>    Petitioner,<br><br>v.<br><br>JANET NAPOLITANO, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY,<br><br>    Respondent. | Civil No.   11cv3012-AJB(WVG)<br><br>**ORDER (1) DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; AND (2) SETTING BRIEFING SCHEDULE**<br><br>**[Doc. No. 3.]** |

On December 22, 2011, Petitioner, an Immigration and Customs' detainee, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 together with a motion for appointment of counsel and motion for leave to proceed *in forma pauperis*. On December 29, 2011, the Court denied Petitioner's motion for leave to proceed *in forma pauperis* and dimissed the case with leave to amend. On January 12, 2012, the Court received the $5.00 filing fee from Petitioner. Accordingly, the case was reopened.

Petitioner filed a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A concurrently with his petition. Petitioner argues he is indigent and unable to afford an attorney and argues that his case is highly complex. Under 18 U.S.C. § 3006A(a)(2)(B), financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2241 may obtain representation whenever a magistrate judge or the district court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); <u>Terrovona v. Kincheloe</u>, 912 F.2d 1176, 1181 (9th Cir. 1990). District courts have discretion to appoint an attorney to represent indigent civil litigants upon a showing of exceptional

circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Terrell, 935 F.2d at 1017 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

After a review of the motion and the petition filed, the Court does not find exceptional circumstances to justify the appointment of counsel. Petitioner has been able to set forth the factual and legal basis for his claims with sufficient clarity to allow them to be addressed on their merits. The Plaintiff's legal claims, and the factual bases for those claims in this case, are not so complex as to require the appointment of counsel. Accordingly, the Court **DENIES** Petitioner's motion for appointment of counsel.

In addition, Respondent shall file and serve a return to the petition on or before **March 23, 2012**. The government's response shall include all documents relevant to the issues raised in the petition. Petitioner may file a reply to the Government's return on or before **April 20, 2012.**

IT IS SO ORDERED.

DATED: January 13, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge